IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | | Civil Action No. 4:24-cv-125 |
| Plaintiff, § § | | |
| v. § § | | ORIGINAL COMPLAINT |
| HOUSTON INDEPENDENT SCHOOL DISTRICT. § § § | | |
| Defendant. § | | JURY TRIAL DEMANDED |

NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees and former employees who were adversely affected as a result of such unlawful payments. As is alleged with greater particularity below, Defendant Houston Independent School District violated the Equal Pay Act by paying female Senior Career & Technical Education ("CTE") Program Specialists lower wages than male Senior CTE Program Specialists for performing substantially equal work based on their sex.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. §206(d).

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of, *inter alia*, the Equal Pay Act, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4. Defendant, Houston Independent School District ("Defendant" or "HISD"), is a school district in the State of Texas and has the primary responsibility for implementing the state's system of public education and ensuring student performance within its boundary. Defendant may be served with process of service by serving the President of the School Board, Audrey Momanaee, or its Superintendent, F. Mike Miles, at 4400 West 18th Street, Houston, TX 77092-8501.

5. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29, U.S.C. § 203(d).

6. At all relevant times, Defendant has continuously been a public agency within the meaning of Sections 3(x) of the FLSA, 29 U.S.C. § 203(x).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and

(s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise that has employees engaged in an activity of a public agency.

## STATEMENT OF EQUAL PAY ACT CLAIMS

8. Since at least February 2019, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying lower wages to a class of female Senior CTE Program Specialists, including KaTarsha D. Walker ("Walker"), than it paid to male Senior CTE Program Specialists for equal work in a job requiring substantially equal skill, effort, and responsibility and performed under similar working conditions.

   a. Walker began working for Defendant as a Senior CTE Program Specialist in February 2019.

   b. All Senior CTE Program Specialists primarily worked in HISD's central office/Barbara Jordan Career Center and were responsible for delivering training to teachers, assisting with equipment needs, developing localized business partnerships for individual campuses, developing curriculum, fielding inquiries from staff, and ensuring programmatic fidelity at the campus level.

   c. At the time Walker was hired as a Senior CTE Program Specialist, Defendant's compensation manual provided that non-teachers may receive "a 2.5% increase over the pay range minimum for every year of related and documented work experience" up to a maximum of 25% above the base rate of pay for the position.

   d. At the time she applied to be a Senior CTE Program Specialist, Walker had a master's degree in higher education administration along with approximately four years of related full-time work experience in various office jobs at Sam Houston State University in addition to other work experience. During Walker's onboarding process, one of Defendant's representatives

indicated she should not submit any work experience outside of an education setting for salary increase consideration despite her providing relevant documentation of her complete work history. In response, Walker subsequently removed additional work experience from her paperwork. As a result, Walker was only provided with a 10% pay increase over the minimum salary.

  e. Walker was paid significantly less than at least one of her male colleagues who began working as a Senior CTE Program Specialist in January 2019, even though he had less work experience in an education setting.

  f. In addition to Walker, a class of female Senior CTE Program Specialists were paid less than their male colleagues who had less related experience.

  g. In implementing its compensation manual, Defendant utilized an inequitable interpretation of "related" experience in determining the salary of female Senior CTE Program Specialists. To that end, HISD limited female Senior CTE Program Specialists from obtaining experience credit that was outside of an education setting while allowing their male counterparts to obtain credit for virtually all types of work experience. This resulted in male Senior CTE Program Specialists being compensated at higher rates than their female colleagues.

9. As a result of the acts complained of above, Defendant unlawfully has withheld and is continuing to withhold the payment of wages due to Walker and a class of female Senior CTE Program Specialists.

10. The unlawful practices complained of in paragraph 8 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from

discriminating against females with respect to their compensation and from paying female employees lower compensation than employees of the opposite sex in the same establishment for performing equal work on job, the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.

       B.      Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for females and eradicate the effects of its past and present unlawful employment practices.

       C.      Order Defendant to make whole Walker and the known and unknown members of a class of female Senior CTE Program Specialists by providing appropriate backpay and an equal sum as liquidated damages or with prejudgment interest in lieu thereof, in amounts to be determined at trial, and to provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

       D.      An award of post-judgment interest.

       E.      Grant such further relief as this Court deems necessary and proper in the public interest.

       F.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITIY COMMISSION**

**KARLA GILBRIDE**
General Counsel

**CHRISTOPHER LAGE**
Deputy General Counsel
131 M Street, N.E.
Washington, D.C. 20507

**RUDY L. SUSTAITA**
Regional Attorney

**KATHY D. BOUTCHEE**
Assistant Regional Attorney

*/s/ N. Joseph Unruh*
**N. Joseph Unruh**
Trial Attorney
Attorney-in-Charge
Texas Bar No. 24075198
S.D. Tex. No. 1571957
neil.unruh@eeoc.gov

Equal Employment
Opportunity Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street, 7th Floor
Houston, Texas 77002
346.327.7703 [Telephone]
713.651.7995 [Facsimile]

**COUNSEL FOR EEOC**